**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAHMAL WILLIAMS,** | : | |
|     **Plaintiff,** | : | |
| | : | |
|     **v.** | : | **CIVIL ACTION NO. 21-CV-640** |
| | : | |
| **CITY OF PHILADELPHIA,** | : | |
|     **Defendant.** | : | |

## <u>ORDER</u>

AND NOW, this 19th day of February, 2021, Plaintiff Jahmal Williams having submitted a Complaint to the Court without either paying the fees to commence a civil action or filing a motion to proceed *in forma pauperis*, it is **ORDERED** that:

1.      If Williams seeks to proceed with this action he must, within thirty (30) days of the date of this Order, either (1) pay $402 (comprising the $350 filing fee and $52 administrative fee) to the Clerk of Court, or (2) file a motion to proceed *in forma pauperis* with a certified copy of his prisoner account statement (or institutional equivalent) showing all deposits, withdrawals, and a current balance, from any correctional facility in which he was confined for the six-month period from August 12, 2020 to February 12, 2021, reflecting account activity from that time period.

2.      If Williams is ultimately granted leave to proceed *in forma pauperis*, he will be obligated to pay the $350 filing fee in installments pursuant to 28 U.S.C. § 1915(b), even if his case is dismissed. He will not be entitled to the return of any payments made toward the fee.

3.      The Clerk of Court shall furnish Williams with a blank copy of this Court's current standard prisoner *in forma pauperis* form bearing the above civil action number.[1]

---

[1] This form is available on the Court's website at
http://www.paed.uscourts.gov/documents2/forms/forms-pro-se.

Williams may use this form to seek leave to proceed *in forma pauperis* if he cannot afford to pay the fees to commence this case.[2]

    4.    If Williams fails to comply with this Order his case may be dismissed without further notice for failure to prosecute.

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**

---

[2] The Court understands the Complaint to present claims by Williams, as an individual litigant. At times, however, Williams refers to the "Jahmal Williams Trust" and the "Jahmal Saaid Williams Junior Trust." (*See* ECF No. 1.) The Court notes that an artificial entity may only appear in federal court through licensed counsel. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 196, 201-02 (1993) ("It has been the law for the better part of two centuries, . . . that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities.") (citations omitted); *see also Marin v. Leslie*, 337 F. App'x 217, 220 (3d Cir. 2009) (per curiam) (trustee pursuing claims on behalf of a trust may not appear *pro se*). Furthermore, because "only a natural person may qualify for treatment *in forma pauperis* under [28 U.S.C.] § 1915," a trust may not proceed *in forma pauperis*. *See Rowland*, 506 U.S. at 196; *Upshur v. Hospedale*, Civ. A. No. 17-1358, 2018 WL 395729, at *2 (D. Del. Jan. 12, 2018). Thus, to the extent the real party in interest is a trust, the trust must have licensed counsel enter an appearance on its behalf and must pay the $402 in fees within thirty days of the date of this Order to proceed as a party to this case.