IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAHMAL WILLIAMS, et al.<br>    Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 21-CV-640 |
| CITY OF PHILADELPHIA, et al.<br>    Defendant. | : | |

## ORDER

An Amended Complaint was submitted in this case by several prisoners challenging the conditions at the Curran-Fromhold Correctional Facility in Philadelphia.[1] (*See generally* ECF No. 10.) The Amended Complaint lists sixteen individuals as plaintiffs: Jahmal Williams, Justin Davis, Dasean Ford, Bill Dawkins, Kasheem Cryon, Nadi Hatchett, Zunir Walker, Luis Leon, Segers, Ronald P. White, Brian Schofftstall, Nadeer Baker, William Castillo, Luis Gonzalez, Travis Kelly, and Shawn Fairy. (ECF No. 10 at 2.) Each hand signed the Amended Complaint in accordance with Federal Rule of Civil Procedure 11. (*Id.* at 3.) Therefore, it appears that

---

[1] An initial Complaint was filed on February 12, 2021 which was signed by Jahmal Williams. (ECF No. 1.) By Order dated February 19, 2021, the Court directed Williams to pay the fees necessary to commence a civil action in this court, or to file an application to proceed *in forma pauperis* along with a certified copy of his prisoner account statement. (ECF No. 3.) Williams subsequently filed a Statement (ECF No. 4) and an Affidavit (ECF No. 5), neither of which contained the information required by the Court's February 19, 2021 Order. Williams was granted an additional thirty days to pay the fees necessary to commence a civil action in this court, or to file an application to proceed *in forma pauperis* along with a certified copy of his prisoner account statement. (ECF No. 6.) Instead, Williams filed an Affidavit (*see* ECF No. 7), but then filed a Motion to Proceed *In Forma Pauperis*, as well as a prisoner account statement. (*See* ECF Nos. 8 & 9.)

The most recent submission to the Court in this case was filed on May 11, 2021 and is entitled Amended Complaint. (ECF No. 10.) The Court, therefore, will consider the Amended Complaint to be the operative pleading in this case, such that all claims presented in prior filings have been abandoned by the Plaintiffs. *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (citations omitted), *cert. denied*, 140 S. Ct. 1611 (2020).

these sixteen prisoners all intended to pursue claims in connection with this lawsuit. However, only Williams submitted a Motion to Proceed *In Forma Pauperis* and a copy of his Prisoner Trust Fund Account Statement. (*See* ECF Nos. 8 & 9.) The Court thus requires additional submissions from the prisoners other than Williams, should they seek to pursue any claims in this lawsuit, to determine who may proceed as a party to this case.[2]

Accordingly,

AND NOW, this 18th day of May, 2021, it is **ORDERED** that:

1. The Clerk of Court shall **AMEND** the docket to add the City of Philadelphia, U.S. Attorney General, U.S. Secretary of United States, Pennsylvania Attorney General, Pennsylvania Secretary of State, Mayor, Governor, President, Institution(s) Commissioner Warden, Superintendent/Custodian, Deputy Warden, Sergent(s), Lieutenant(s), Correctional Officer(s), Curren-Frumhold Correctional Institution, and Corizon Medical Department and Mental Health Department as Defendants in this case.

2. The Clerk of Court shall **AMEND** the docket to add Justin Davis, Dasean Ford, Bill Dawkins, Kasheem Cryon, Nadi Hatchett, Zunir Walker, Luis Leon, Segers, Ronald P.

---

[2] The Court notes that none of the individual Plaintiffs listed in the Amended Complaint may act on behalf of another Plaintiff in a representative capacity. "Although an individual may represent herself or himself pro se, a non-attorney may not represent other parties in federal court." *Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018). *See* 28 U.S.C.A. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *see also Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) ("Osei-Afriyie, a non-lawyer appearing *pro se*, was not entitled to play the role of attorney for his children in federal court."). Additionally, "a prisoner acting pro se 'is inadequate to represent the interests of his fellow inmates in a class action.'" *Maldonado v. Terhune*, 28 F. Supp. 2d 284, 288 (D.N.J. 1998) (internal quotations and citation omitted); *see also Hagan v. Rogers*, 570 F.3d 146, 158-59 (3d Cir. 2009) ("[W]e do not question the District Court's conclusion that *pro se* litigants are generally not appropriate as class representatives."); *Lewis v. City of Trenton Police Dep't*, 175 F. App'x 552, 554 (3d Cir. 2006) (per curiam) (noting that the prisoner plaintiff who was proceeding *pro se* "may not represent a putative class of prisoners").

2

White, Brian Schofftstall, Nadeer Baker, William Castillo, Luis Gonzalez, Travis Kelly, and Shawn Fairy as Plaintiffs in this case.

3. The Clerk of Court shall **AMEND** the docket to add the addresses of the Plaintiffs other than Williams as follows:[3]

    a. Justin Davis, #1113807, currently incarcerated at the Curran-Fromhold Correctional Facility;

    b. Dasean Ford, #1119091, currently incarcerated at the Curran-Fromhold Correctional Facility;

    c. Bill Dawkins, #1131588, currently incarcerated at the Curran-Fromhold Correctional Facility;

    d. Kasheem Cryon, #1121344, currently incarcerated at the Curran-Fromhold Correctional Facility;

    e. Nadi Hatchett, #881698, currently incarcerated at the Curran-Fromhold Correctional Facility;

    f. Zunir Walker, #1190160, currently incarcerated at the Curran-Fromhold Correctional Facility;

    g. Luis Leon, #997565, currently incarcerated at the Curran-Fromhold Correctional Facility;

    h. Segers, #1115241 (no address identified);

    i. Ronald P. White, #963403, currently incarcerated at the Curran-Fromhold Correctional Facility;

---

[3] Using the City of Philadelphia's inmate locator system, the Court confirmed the address of each Plaintiff other than Plaintiff Segers (listed in the Amended Complaint as inmate #1115241) and Plaintiff William Castillo (listed in the Amended Complaint as inmate #943696), who were not found in the inmate locator system.

j. Brian Schofftstall, #828737, currently incarcerated at the Curran-Fromhold Correctional Facility;

k. Nadeer Baker, #1117007, currently incarcerated at the Curran-Fromhold Correctional Facility;

l. William Castillo, #943696 (no address identified);

m. Luis Gonzalez, #1074746, currently incarcerated at the Curran-Fromhold Correctional Facility;

n. Travis Kelly, #1223511, currently incarcerated at the Curran-Fromhold Correctional Facility; and

o. Shawn Fairy, #1113576, currently incarcerated at the Curran-Fromhold Correctional Facility.

4. Any Plaintiff other than Williams who seeks to proceed with this case shall, within thirty (30) days of the date of this Order, either (1) submit $402.00 (the $350.00 filing fee and $52.00 administrative fee) to the Clerk of Court, or (2) file his own motion for leave to proceed *in forma pauperis* with a certified copy of his prisoner account statement (or institutional equivalent) showing all deposits, withdrawals, and a current balance, from any correctional facility in which the inmate was confined for the six-month period from November 10, 2020 through May 10, 2021, reflecting account activity for that time period. If Plaintiffs pay the fees in advance, only one $402.00 payment is required to proceed.

5. If no plaintiff pays the $402.00 fee in advance, any plaintiff who is ultimately granted leave to proceed *in forma pauperis* will be obligated to pay the $350 filing fee in installments pursuant to 28 U.S.C. § 1915(b), even if his claims are dismissed. *See Hagan v. Rogers*, 570 F.3d 146, 155-56 (3d Cir. 2009). This means that if all Plaintiffs are granted leave

to proceed *in forma pauperis*, each will have to pay the $350 filing fee.  No Plaintiff will be entitled to the return of any payments made toward the fee.

6. Any Plaintiff who fails to comply with this Order will be dismissed without prejudice as a named Plaintiff in this case.

7. Williams need not file any additional paperwork with the Court at this time because he has already filed a Motion to Proceed *In Forma Pauperis* (ECF No. 8) and a copy of his prisoner account statement (ECF No. 9.)  However, the Court will hold Williams's Motion in abeyance to give the other Plaintiffs an opportunity to comply with this Order before proceeding.

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**