IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAHMAL WILLIAMS, et al. : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 21-CV-640 |
| : | |
| CITY OF PHILADELPHIA, et al. : | |
|     Defendant. : | |

## ORDER

An initial Complaint was filed in this matter on February 12, 2021, by Jahmal Williams. (ECF No. 1.) He did not, however, pay the fees necessary to commence a civil action in this court, or file an application to proceed *in forma pauperis* along with a certified copy of his prisoner account statement. The Court granted Williams several opportunities to correct the initial deficiencies in his filings, and Williams eventually filed a Motion to Proceed *In Forma Pauperis*, as well as a prisoner account statement. (*See* ECF Nos. 3, 4, 5, 6, 7, 8, 9.)

On May 11, 2021, Williams, along with several other prisoners incarcerated at the Curran-Fromhold Correctional Facility ("CFCF") in Philadelphia, Pennsylvania filed an Amended Complaint seeking to add numerous plaintiffs and defendants to this matter. (*See* ECF No. 10.) The Amended Complaint was signed by Williams, as well as Justin Davis, Da'Sean Ford, Bill Dawkins, Kasheem Cryon, Nadi Hatchett, Zunir Walker, Luis Leon, Segers, Ronald P. White, Brian Schofftstall, Nadeer Baker, William Castillo, Luis Gonzalez, Travis Kelly, and Shawn Fairy. (ECF No. 10 at 2-3.) As of the filing of the Amended Complaint, none of the new plaintiffs paid the fees necessary to commence a civil action in this court, or filed an application to proceed *in forma pauperis* along with a certified copy of his prisoner account statement. Consequently, by Order dated May 18, 2021, the Court directed the Clerk of Court to amend the docket to include the additional plaintiffs and defendants, and granted the new plaintiffs

additional time to submit the necessary documentation to proceed as plaintiffs in this case. (*See* ECF No. 11.)

Since that time, two of the additional plaintiffs listed in the Amended Complaint have submitted their own pleadings with the Court. Da'Sean Ford filed an Amended Complaint, application to proceed *in forma pauperis*, and a certified copy of his prisoner account statement. (ECF Nos. 15, 16, 17.) Zunir Walker filed an Amended Complaint and an application to proceed *in forma pauperis*. (ECF Nos. 19, 20.) Additionally, Tahjie Davilla, who is not one of the additional plaintiffs listed in the Amended Complaint, filed an Amended Complaint and an application to proceed *in forma pauperis* under this docket number. (ECF Nos. 13, 14.) Because Ford, Walker, and Davilla each filed an Amended Complaint on their own behalf that alleges independent claims, the Court will sever their filings into new matters and will address each case separately.[1] *See* Fed. R. Civ. P. 21 ("[O]n its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

---

[1] An amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading. *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019)*, cert. denied*, 140 S. Ct. 1611 (2020) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted). Here, Williams filed an Amended Complaint styled as a class action naming multiple plaintiffs. Subsequently, Ford, Walker, and Davilla each filed their own individual complaints. However, the Federal Rules of Civil Procedure do not contemplate multiple governing pleadings filed in a single civil action. Furthermore, it appears that Ford, Walker and Davilla seek to proceed on their own claims as they have pled them. Accordingly, the Court will sever Ford, Walker, and Davilla's Amended Complaints to permit them to proceed in their own civil actions. *See Boyer v. Johnson Matthey, Inc.*, Civ. A. No. 02-8382, 2004 WL 835082, at *1 (E.D. Pa. Apr. 16, 2004) ("A district court has broad discretion in deciding whether to sever a party pursuant to Federal Rule of Civil Procedure 21.").

The Court also concludes that joinder would be improper and unwieldy here. Federal Rule of Civil Procedure 20 allows a plaintiff to join multiple defendants in one action if: (a) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (b) "any question of law or fact common to all defendants will arise in the action." "For courts applying Rule 20 and related rules, 'the impulse is toward entertaining the broadest possible

In contrast, the following individuals who were added to the docket as named Plaintiffs in accordance with the Court's May 18, 2021 Order, have not paid the fees necessary to commence a civil action, or filed an application to proceed *in forma pauperis* along with a certified copy of his prisoner account statement, as directed by the Court: Justin Davis, Bill Dawkins, Kasheem Cryon, Nadi Hatchett, Luis Leon, Segers, Ronald P. White, Brian Schofftstall, Nadeer Baker, William Castillo, Luis Gonzalez, Travis Kelly, and Shawn Fairy. (*See* ECF No. 11.) Because these individuals failed to comply with the Court's May 18, 2021 Order, each will be dismissed without prejudice as a named Plaintiff in this case.

Furthermore, by letter dated June 6, 2021, Williams requested that the following inmates be added as plaintiffs in the present case: Tahire Briscoll (inmate #1032579), Akeem Graham (inmate #886911), and Darnell Gilliard (inmate #849195). (ECF No. 18.)[2] Williams offers no further information as the basis for this request. (*See id.*) The Court reiterates that, although Williams repeatedly refers to this matter as a class action in his filings, he may not act in a representative capacity for another inmate. *See* 28 U.S.C.A. § 1654 ("In all courts of the United

---

scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)). "But this application, however liberal, is not a license to join unrelated claims and defendants in one lawsuit." *McKinney v. Prosecutor's Office*, Civ. A. No. 13-2553, 2014 WL 2574414, at *14 (D.N.J. June 4, 2014) (internal quotations omitted). Notably, "[t]he courts[] . . . have frowned on prisoners' attempts to lump together their multifarious grievances about life in a single prison, let alone multiple prisons." *McKinney*, 2014 WL 2574414, at *15. To remedy a misjoinder, a Court may add or drop a party or sever any claims. Fed. R. Civ. P. 21.
 Although the pleadings all loosely concern conditions at CFCF, they name different parties, raise different allegations, and seek different relief. Walker's Amended Complaint also concerns conditions at the Philadelphia Industrial Correctional Center. The Court concludes that permitting these claims to proceed together would be unwieldy and that each pleading must be addressed separately on its own merits. Ford, Walker and Davilla will be informed in a separate notice of the new case numbers under which their Amended Complaints will proceed.

2       Williams' June 6, 2021 letter lists Graham's name as "Ikie Grham"; however, the City of Philadelphia's inmate locator system provides the proper spelling of this inmate's name.

States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *see also Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018) ("Although an individual may represent herself or himself pro se, a non-attorney may not represent other parties in federal court."); *Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) ("Osei-Afriyie, a non-lawyer appearing *pro se*, was not entitled to play the role of attorney for his children in federal court."). Therefore, the Court will deny Williams' letter request to add Briscoll, Graham, and Gilliard as named Plaintiffs in this case at this time. These individuals may file their own civil actions if they choose to do so.

Accordingly,

AND NOW, this 6th day of July, 2021, it is **ORDERED** that:

1. In light of the failure to either pay the fees to commence a civil action or file a motion to proceed *in forma pauperis* as directed by this Court's Order entered on May 18, 2021 (ECF No. 11), which: (1) granted thirty (30) days to do so, and (2) warned that the failure to comply with the Order that such individual would be dismissed without prejudice as a named Plaintiff in this case, the following are **DISMISSED WITHOUT PREJUDICE** as named Plaintiffs in this case: Justin Davis, Bill Dawkins, Kasheem Cryon, Nadi Hatchett, Luis Leon, Segers, Ronald P. White, Brian Schofftstall, Nadeer Baker, William Castillo, Luis Gonzalez, Travis Kelly, and Shawn Fairy.

2. The Clerk of Court is **DIRECTED** to terminate Justin Davis, Bill Dawkins, Kasheem Cryon, Nadi Hatchett, Luis Leon, Segers, Ronald P. White, Brian Schofftstall, Nadeer Baker, William Castillo, Luis Gonzalez, Travis Kelly, and Shawn Fairy as Plaintiffs in this case.

3. The claims raised in Da'Sean Ford's Amended Complaint (ECF No. 15) are **SEVERED** from this civil action as set forth in paragraph four (4) of this Order.

4. The Clerk of Court is **DIRECTED** to open a new civil action using a copy of this Order and a copy of the following documents filed by Da'Sean Ford in this action: Amended Complaint (ECF No. 15), application to proceed *in forma pauperis* (ECF No. 16), and certified copy of prisoner account statement (ECF No. 17). The new case should be assigned in accordance with the Clerk of Court's applicable assignment procedures. The Clerk of Court is **FURTHER DIRECTED** to terminate Da'Sean Ford as a Plaintiff in Civ. A. No. 21-640.

5. The claims raised in Zunir Walker's Amended Complaint (ECF No. 19) are **SEVERED** from this civil action as set forth in paragraph six (6) of this Order.

6. The Clerk of Court is **DIRECTED** to open a new civil action using a copy of this Order and a copy of the following documents filed by Zunir Walker in this action: Amended Complaint (ECF No. 19) and application to proceed *in forma pauperis* (ECF No. 20). The new case should be assigned in accordance with the Clerk of Court's applicable assignment procedures. The Clerk of Court is **FURTHER DIRECTED** to terminate Zunir Walker as a Plaintiff in Civ. A. No. 21-640.

7. The claims raised in Tahjie Davilla's Amended Complaint (ECF No. 13) are **SEVERED** from this civil action as set forth in paragraph eight (8) of this Order.

8. The Clerk of Court is **DIRECTED** to open a new civil action using a copy of this Order and a copy of the following documents filed by Tahjie Davilla in this action: Amended Complaint (ECF No. 13) and application to proceed *in forma pauperis* (ECF No. 14). The new case should be assigned in accordance with the Clerk of Court's applicable assignment procedures.

9. Williams need not file any additional paperwork with the Court at this time because he has already filed a Motion to Proceed *In Forma Pauperis* (ECF No. 8) and a copy of his prisoner account statement (ECF No. 9.) Leave to proceed *in forma pauperis* is **GRANTED**

to Williams pursuant to 28 U.S.C. § 1915. Accordingly, this case is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), and the Amended Complaint (ECF No. 10) will be screened with respect to Williams' claims in due course.

10. Jahmal Williams, #939103, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of the Curran-Fromhold Correctional Facility or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to William's inmate account; or (b) the average monthly balance in Williams's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Williams's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Williams's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

11. The Clerk of Court is directed to **SEND** a copy of this Order to the Warden of the Curran-Fromhold Correctional Facility.

12. The Amended Complaint (ECF No. 10) is **DEEMED** filed.

13. The Clerk of Court is **DIRECTED NOT TO ISSUE SUMMONSES** at this time, as the Amended Complaint (ECF No. 10) is still subject to the Court's screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

14. The time to serve process under Fed. R. Civ. P. 4(m) is hereby extended to the

date 90 days following the issuance of summonses by the Clerk of Court after screening is complete, in the event this case, or any portion thereof, is not dismissed at the screening stage.

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**