# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAHMAL WILLIAMS,** : | |
| Plaintiff, : | |
| : | **Civil Action** |
| v. : | **No. 21-640** |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| Defendants. : | |
| : | |

## ORDER

AND NOW, this _____ day of _____, 2022, upon consideration of the Motion to Dismiss Plaintiff's Second Amended Complaint filed by Defendants City of Philadelphia, Commissioner Blanche Carney, Warden Michelle Farrell and Corrections Officer Slater, and any response thereto, it is HEREBY ORDERED that the Motion is GRANTED. It is further ORDERED that all claims against the City of Philadelphia, Commissioner Blanche Carney, Warden Michelle Farrell and Corrections Officer Slater are DISMISSED.

BY THE COURT:

_____
GOLDBERG, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **JAHMAL WILLIAMS,** : | |
| Plaintiff, : | |
| : | **Civil Action** |
| v. : | **No. 21-640** |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| Defendants. : | |

**DEFENDANTS' MOTION TO DISMISS**
**FOR FAILURE TO STATE A CLAIM**

Defendants City of Philadelphia, Commissioner Blanche Carney, Warden Michelle Farrell and Corrections Officer Slater, hereby file this Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this motion, Defendants incorporate the attached Memorandum of Law. Defendants respectfully request that this Court dismiss the claims asserted against them in Plaintiff's Second Amended Complaint, with prejudice.

Date: January 12, 2022                                Respectfully submitted,

                                                                    /s/ *Jenna Jankowski*
                                                                    Jenna Jankowski
                                                                    Assistant City Solicitor
                                                                    Pa. Attorney ID No. 326752
                                                                    City of Philadelphia Law Department
                                                                    1515 Arch Street, 14th Floor
                                                                    Philadelphia, PA 19102
                                                                    215-683-5433 (phone)
                                                                    215-683-5397 (fax)
                                                                    jenna.jankowski@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAHMAL WILLIAMS,** : | |
| **Plaintiff,** : | |
| : | **Civil Action** |
| v. : | **No. 21-640** |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| **Defendants.** : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

By his Second Amended Complaint, Plaintiff Jahmal Williams sues the City of Philadelphia, Commissioner Blanche Carney, Warden Michelle Farrell and Corrections Officer Slater for alleged civil rights violations.. Utilizing a form complaint with handwritten addenda, Plaintiff has filed a pleading replete with allegations that are vague, argumentative, and conclusory in nature.

Plaintiff alleges that he has inequitably been denied out-of-cell time, showers, sanitation, and access to law library materials at Curran Fromhold Correctional Facility (CFCF), one of the facilities within the Philadelphia Department of Prisons. He further alleges that he was exposed to the novel coronavirus after his cellmates were returned to CFCF after only seven (7) days of quarantine and complains of the insufficiency of the PDP's efforts to reduce the risk of introduction and transmission of Covid-19 within PDP facilities. Plaintiff also claims that Defendant Officer Slater sprayed him with mace. Finally, Plaintiff claims that his Thirteenth Amendment rights have been violated due to his low wage as a pre-trial detainee. Plaintiff seeks a monetary award of damages as well as injunctive relief.

Defendants now move to dismiss Plaintiff's Second Amended Complaint for several

3

reasons. Plaintiff has failed to state a claim, under *Monell*, against the City of Philadelphia. Plaintiff has not alleged a constitutional harm for which any municipal defendant, including Commissioner Blanche Carney or Warden Michelle Farrell, could be held liable for damages in their official capacity. Plaintiff has not alleged any personal involvement by either municipal defendants, Commissioner Blanche Carney or Warden Michelle Farrell, to support his claims against them in their individual capacities. Moreover, his equitable claims are subsumed in the *Remick* putative class action litigation, Civil Action No. 20-1959, of which he is a class member. Plaintiff has failed to provide sufficient facts for his claim against Corrections Officer Slater. Finally, Plaintiff attempts to improperly bring a claim under the Thirteenth Amendment for the low wages paid to pretrial detainees at CFCF. For these reasons, and as detailed further below, Plaintiff's Complaint should be dismissed. And because Plaintiff has been afforded several opportunities to cure identified defects with his pleading and yet has failed to do so, his Second Amended Complaint should be dismissed with prejudice.

## I. FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

Plaintiff is a pretrial detainee, presently held at the Detention Center. His incarceration began on December 4, 2020. Sec. Am. Compl., (ECF No. 26, at 2).[1]

The Court, reviewing the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), dismissed that pleading in its entirety, without prejudice. (ECF No. 23). Plaintiff filed his Second Amended Complaint on September 29, 2021, and, having been served, Defendants now move to dismiss because Plaintiff once again failed present sufficient allegations to establish any claim upon which relief can be granted.

---

[1] ECF's pagination has been adopted for ease of citation.

Due to the COVID-19 pandemic, CFCF took steps to limit the spread of the virus amongst its incarcerated population, which included limiting exposure between individuals within the carceral system. (ECF No. 26). Plaintiff contends that these restrictions amounted to civil rights violations and has brought suit against the City, Commissioner Blanche Carney and Warden Michelle Farrell. *Id.* Plaintiff separately alleges that on an unspecified date, Corrections Officer Slater deployed mace and sprayed the Plaintiff. *Id*. at 2.

## II.     STANDARD OF REVIEW

A plaintiff cannot survive a motion to dismiss under Rule 12(b)(6) without stating a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Put differently, while a court should accept the truth of a complaint's factual allegations, it should not credit a plaintiff's "bald assertions" or "legal conclusions." *Anspach v. City of Philadelphia*, 503 F.3d 256, 260 (3d Cir. 2007). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[2] *Id.* (quotation marks omitted).

## III.    LEGAL ARGUMENT

### A. Plaintiff's Second Amended Complaint Fails to Allege a Cognizable Claim of Municipal Liability Against the City Under 42 U.S.C. § 1983.

Plaintiff fails to allege a cognizable claim of municipal liability against the City under § 1983. A plaintiff cannot recover against the City of Philadelphia under a *respondeat superior*

---

[2] The Defendants recognize that complaints filed by pro se litigants like Plaintiff are held to less stringent standards than those drafted by lawyers. Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013); *see also Chambers v. Phila. Media Network*, No. 11-6589, 2013 WL 4857995, at *3 (E.D. Pa. Sept. 12, 2013) (holding that courts "have a gatekeeper function to fulfill as to complaints filed by pro se litigants").

theory of liability. *McGreevy v. Stroup*, 413 F.3d 359, 367 (3d Cir. 2005) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

In order to prevail against the City of Philadelphia, Plaintiff must prove that (1) a constitutionally-protected right has been violated; and (2) the alleged violation resulted from a municipal policy, custom or practice of deliberate indifference to rights of citizens. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658; *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990).

*Monell* liability must be founded upon evidence that the government unit itself supported a violation of constitutional rights, while identifying the policymaker and establishing his/her deliberate indifference. *Bielevicz v. Dubinon*, 915 F.2d 845, 849-50 (3d Cir. 1990). Proof of a single incident or unconstitutional activity is not sufficient to impose liability under *Monell*. *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985). Courts have "recognized a two-path track to municipal liability under § 1983, depending on whether the allegation is based on municipal policy or custom." *Mulholland v. County of Berks*, 706 F.3d 227, 237 (3d Cir. 2013) (citations and quotations omitted). A policy occurs when a decisionmaker with final authority "issues an official proclamation, policy, or edict," while a custom occurs when practices are "so permanent and well-settled as to virtually constitute law." *See id.* (citations and quotations omitted).

Here, Plaintiff fails to adequately plead a municipal liability claim under § 1983 because his Second Amended Complaint includes only conclusory statements about the City's alleged policy, practice or custom, with no supporting factual allegations. Plaintiff also fails to allege prior instances of misconduct to support a failure-to-train based *Monell* claim. Given this lack of competent allegations to establish a municipal liability claim, Plaintiff's claim against the City should be dismissed.

### B. Plaintiff's § 1983 Claim Against Commissioner Carney and Warden Farrell Fail Because Plaintiff Did Not Plead Facts Plausibly Establishing the Elements of a *Monell* Claim

In addition to naming Commissioner Carney and Warden Farrell in their individual capacities, discussed further below, Plaintiff names them as defendants in their official capacity as the Commissioner of the Philadelphia Department of Prisons and the Warden of CFCF, respectively. "Official capacity suits, however, are just another way of pleading an action against an entity of which an officer is an agent." *Helm v. Palo*, No. 14-6528, 2015 WL 437661, at *9 (E.D. Pa. Feb. 3, 2015). Thus, official capacity claims against Commissioner Carney and Warden Farrell are analytically coterminous with, and redundant of, claims against the City of Philadelphia. *Id.* For the reasons that follow, all such purported claims should be dismissed.

A municipality cannot be held liable under § 1983 for its employees' constitutional torts by way of *respondeat superior*. *McGreevy v. Stroup*, 413 F.3d 359, 367 (3d Cir. 2005) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Rather, under *Monell*, a municipality may be held liable if the employee acted pursuant to a government policy or custom. *Monell*, 436 U.S. at 694. Here, presuming Plaintiff avers a policy argument based upon his suit of Commissioner Carney and Warden Farrell in their official capacities as policymakers, Plaintiff does not allege any facts establishing a such policy or custom pursuant to which the City of Philadelphia might be held liable for his alleged constitutional harms.

By way of example, in *Wood v. Williams*, the Third Circuit affirmed the dismissal of a *Monell* claim where plaintiff set forth a series of conclusory allegations that "simply paraphrase[d]" the elements of *Monell* liability. 568 F. App'x 100, 102-04 (3d Cir. 2014). The Court held that such "conclusory and general" averments were insufficient, and failed to satisfy "the rigorous standards of culpability and causation required to state a claim for municipal

liability." *Id.* at 104 (citations and quotation marks omitted). This Court has also found averments that "amount to a mere recitation of the . . . elements required to bring forth a *Monell* claim . . . are insufficient to survive a motion to dismiss." *Butler v. City of Philadelphia*, No. 11-7891, 2013 WL 5842709, at *2 (E.D. Pa. Oct. 31, 2013). In *Torres v. City of Allentown*, the court found dismissal appropriate where the plaintiff's complaint alleged that Allentown "did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct, and that this policy/custom exhibited deliberate indifference to her constitutional rights." No. 07-1934, 2008 WL 2600314, at *5 (E.D. Pa. June 30, 2008). The court viewed the complaint as insufficient, in that it "lack[ed] any specific factual allegations referencing the conduct, time, place, and persons responsible for any official municipal policy or custom" and that it "fail[ed] to specifically demonstrate how the training programs for the police officers [were] inadequate." *Id.*

Plaintiff's allegations here do not even rise to the conclusory and general averments at issue in *Wood*, *Butler*, and *Torres*. He alleges no policy or practice for which the City might be liable, no pattern of behavior of which the City should have been on notice, and no specific deficiency in training or supervision for which the City could be held liable. Absent any such allegations, Plaintiff's bald statements fail to satisfy the Supreme Court's admonition in *Iqbal* that a plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiff thus fails to state a claim for municipal liability. The claims against the Commissioner Carney and Warden Farrell, in their official capacities, like the standalone claim(s) against the City, should be dismissed.

### C. Plaintiff's § 1983 Claims Against Commissioner Blanche Carney and Warden Michelle Farrell Fail Because He Does Not Allege their Personal Involvement in Any Alleged Constitutional Harm

As addressed by the Court in its screening opinion, "a defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). (ECF No. 23).[3] To establish personal involvement in alleged constitutional violations, a plaintiff must allege that a supervisor personally directed an action or had actual knowledge of and acquiescence in that action. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). In *Evancho*, the court held that plaintiff had failed to state a claim against the then-Attorney General of the Commonwealth of Pennsylvania because her pleading failed to state the "conduct, time, place, and persons responsible" for her challenged transfer between Department of Correction facilities. *Id.* Similarly, Plaintiff's Second Amended Complaint suffers from the same fatal errors as he fails to allege any specific action by Philadelphia Department of Prisons Commissioner Blanche Carney or by Warden Michelle Farrell for which they might be held liable.

Plaintiff's Second Amended Complaint describes no interactions with the either Defendant in which Plaintiff communicated his concerns regarding the conditions of his confinement. Although Plaintiff alleges that he filed grievances, he did not submit copies of them. Nor did he suggest or provide evidence that he exhausted the PLRA, a requirement for pursing relief. Failing to provide any specifics to the allegations that Commissioner Carney or Warden Farrell were aware of the grievances and acquiesced to the conditions, or that they personally directed an action the violated Plaintiff's civil rights, each preclude Plaintiff from seeking relief.

---

[3] This Court has already ruled on Plaintiff's claims related to personal involvement and Defendants incorporate this Court's findings.

Because Plaintiff fails to plead facts about Commissioner Carney or Warden Farrell's personal involvement in an alleged constitutional harm, he fails to state a claim against Commissioner Carney and Warden Farrell in their individual capacities and his individual-capacity claims against these management-level employees should be dismissed.

### D. Plaintiff's Claim for Equitable Relief is Subsumed in the *Remick* Putative Class Action

Plaintiff seeks injunctive relief in his Second Amended Complaint, particularly that the Court order that the prison provide access to hearings for disciplinary actions, reasonable payment for labors, an allowance of time for inmates to keep units clean, new sheets, blues, towels and rags passed out on a weekly basis, law library access, constitutional periods of out of cell time and his own release. *See* Compl., ECF No. 1, at 3, 4 and 9. Plaintiff's request is duplicative of claims and requests for relief that have been made on his, and others, behalf in the *Remick v. City of Philadelphia* litigation (20-1959). Similar requests for equitable relief have been dismissed by this Court due to the pending, putative class-action litigation. *See Shelton v. City of Philadelphia*, No. 20-4178, 2021 WL 3857856, at *4 n.9 (E.D. Pa. Aug. 30, 2021). "Courts have barred individual suits for injunctive and equitable relief from allegedly unconstitutional prison conditions where there is an existing class action." *Young v. Kelley*, No. 88-511, 1993 WL 7539, at *1 (S.D.N.Y. Jan. 14, 1993). Relying on this and related authority, a district court in the District of New Jersey recently denied a plaintiff's application for release because that plaintiff was a class member in an ongoing litigation about the conditions in the Cumberland County Department of Corrections. *Milbourne v. Cumberland Cnty. Dep't of Corr.*, No. 20-8264, 2020 WL 7351215 (D.N.J. Dec. 14, 2020). While the *Milbourne* court considered this issue in the context of an application for a preliminary injunction, the same analysis and outcome is warranted here. Plaintiff's claims fall within "the subject matter of the [*Remick*] class action," and he cannot pursue them individually

10

while also a member of that class. *Id.* at *2.

Plaintiff's request for release fails under § 1983 because the Civil Rights Act is not a valid avenue to seek release, for either a pre-trial detainee or convicted inmate. *See Preiser v. Rodriguez,* 411 U.S. 475, 489 (1973). Moreover, any such mass release of prisoners based upon conditions of confinement – absent the employment of appropriate procedure, including, but not limited to, a three-judge panel – would be violative of the Prison Litigation Reform Act ("PLRA"). *See generally*, 18 U.S.C. § 3626.  For all these reasons, Plaintiff's application for equitable relief should be dismissed.

### E. The Court Should Dismiss Plaintiff's Claim Against Defendant Slater as He Has Failed to State a Claim for Relief

Plaintiff claims that Officer Slater was responsible for "discharging mace prematurely" when Plaintiff questioned why there was no recreation for the day. (Doc. No. 26 at 3, 16). Plaintiff fails to provide *any* information about the altercation between himself and Officer Slater. Plaintiff does not provide a date, time or location of this interaction.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading that states a claim for relief must include a "short and plain statement of the claim showing that the pleader is entitled to relief." It is necessary that a plaintiff make a "'showing,' rather than a blanket assertion, of entitlement to relief" that rises 'above the speculative level.'" *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231–32 (3d Cir. 2008)). To survive dismissal under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that [a] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do

11

not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Plaintiff has not supplied any *facts* regarding his allegation of harm. Absent any facts, Defendant Officer Slater is unable to form an adequate defense with the limited amount of information pled in the Plaintiff's Second Amended Complaint. Therefore, all claims against Defendant Officer Slater should be dismissed.

### F. Plaintiff Fails to Sufficiently Plead a Violation of His Thirteenth Amendment Rights.

Plaintiff alleges that the "Facility" practices Thirteenth Amendment violations by paying detainees under minimum wage. (ECF Doc. No. 26 at 8).

The Thirteenth Amendment states, in pertinent part: "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. CONST. amend. XIII, § 1. The Supreme Court has clarified that the "primary purpose of the [Thirteenth] Amendment was to abolish the institution of African slavery as it had existed in the United States at the time of the Civil War, but the Amendment was not limited to that purpose; the phrase 'involuntary servitude' was intended to extend to cover those forms of compulsory labor akin to African slavery which in practical operation would tend to produce like undesirable results." *United States v. Kominski*, 487 U.S. 931, 942 (1988) (internal citations omitted). The Third Circuit Court of Appeals has elaborated that the "prohibition against involuntary servitude has always barred forced labor through physical coercion." *Steirer v. Bethlehem Area Sch. Dist.*, 987 F.2d 989, 998 (3d Cir.1993) (abrogated on other grounds by *Troster v. Pennsylvania State Dep't Corrs.*, 65 F.3d 1086, 1090 (3d Cir.1995)). Further, the Third Circuit has affirmed that "prisoners who

perform intra-prison work are not entitled to minimum wage under the FLSA". *Fair Labor Standards Act of 1938*, § 6(a), 29 U.S.C.A. § 206(a), *Tourscher v. McCullough*, 184 F.3d 236 (3d Cir. 1999).

Nowhere in his Second Amended Complaint does Plaintiff allege forced labor or involuntary servitude. Instead, he merely states that his wages are not sufficient. Therefore, his Thirteenth Amendment claim must be dismissed. See *Merrit v. Hartman*, No. CV 19-2008, 2020 WL 4904633, at *3 (E.D. Pa. Aug. 20, 2020) *citing Johnson v. Ahorn*, 334 F.Supp. 2d 802 (E.D.Pa. 2004), (holding that where plaintiffs failed to make any allegations of forced labor and failed to allege any conduct that could arguably be interpreted as involuntary servitude, their §1983 claims under the Thirteenth Amendment must be dismissed).

### G. Plaintiff's Claims of Deliberate Indifference to Medical Needs and Denial of Showers Must Fail.

Plaintiff once again pleads Defendants failed to provide reasonable care as to medical attention and did not permit him to shower. (Doc. No 26 at 3, 8). As the Court already held in its Memorandum Opinion dismissing Plaintiff's Amended Complaint, Plaintiff fails to allege facts sufficient to establish these claims, and Defendants respectfully request that they be dismissed for a second time on the same grounds. (Doc. No. 23).

## IV. CONCLUSION

For the reasons set forth above, the Defendants respectfully request that the Court dismiss Plaintiff's claims against Defendants with prejudice.

                                                Respectfully submitted,

Date: January 12, 2022                 /s/ Jenna L. Jankowski
                                                Jenna L. Jankowski
                                                Assistant City Solicitor
                                                Pa. Attorney ID No. 326752
                                                City of Philadelphia Law Department
                                                1515 Arch Street, 14th Floor
                                                Philadelphia, PA 19102
                                                215-683-5443 (phone)
                                                215-683-5397 (fax)
                                                Jenna.jankowski@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAHMAL WILLIAMS,** : | |
| **Plaintiff,** : | |
| : | **Civil Action** |
| v. : | **No. 21-640** |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| **Defendants.** : | |
| : | |

**CERTIFICATE OF SERVICE**

I hereby certify that, on the date below, Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint was filed via the Court's electronic filing system and is available for viewing and downloading by all parties of record. I further certify that a hard copy of these papers will be sent via first class mail, postage prepaid, to Plaintiff at the following address of record:

Jahmal Williams PPN#939103
Detention Center
8201 State Road
Philadelphia, PA  19136

Respectfully submitted,

Date: <u>January 12, 2022</u>     /s/ Jenna L. Jankowski
Jenna L. Jankowski
Assistant City Solicitor
Pa. Attorney ID No. 326752
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5443 (phone)
215-683-5397 (fax)
Jenna.jankowski@phila.gov