**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **JAHMAL WILLIAMS,** | **Civil Action** |
| *Plaintiff*, | |
| *v.* | **No. 21-cv-640** |
| **CITY OF PHILADELPHIA** *et al.*, | |
| *Defendants*. | |

## <u>ORDER</u>

**AND NOW**, this 24th day of May, 2022, upon consideration of Plaintiff Jahmal Williams's Motion to Reopen (ECF No. 36), I find as follows:

1.      Plaintiff brings claims against the City of Philadelphia, Department of Prisons Commissioner Blanche Carney, Warden Michelle Farrell, and Corrections Officer Slater for alleged violations of Plaintiff's civil rights while Plaintiff was incarcerated.

2.      On January 12, 2022, Defendants moved to dismiss for failure to state a claim. On March 30, 2022, I ordered Plaintiff to file a response. On May 9, 2022, when a response had not yet been filed, I dismissed Plaintiff's complaint for lack of prosecution.

3.      Plaintiff now seeks to reopen this case. In support, Plaintiff represents that: (1) on April 3, 2022, Plaintiff had a hearing on unrelated matters; (2) on April 7, 2022, Plaintiff was relocated to a different facility; (3) on April 12, 2022, Plaintiff was placed in segregation and transferred to yet another facility; and (4) on April 22, 2022, Plaintiff attempted to file a response to the motion to dismiss. Due to transportation, segregation, and COVID-19 lockdowns, Plaintiff has had limited law library access.

4.      Plaintiff also filed a brief in opposition to Defendant's motion to dismiss, dated May 4, 2022, and received by the Clerk's Office May 19, 2022.

5.      In deciding whether to reopen a case that has been dismissed for failure to prosecute, a court should consider the factors set out in <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984). <u>See</u> <u>Jackson v. U.S. Bankruptcy Court</u>, 350 Fed. Appx. 621, 623 (3d Cir. 2009). Relevant here, Plaintiff has had only one incident of dilatoriness, Plaintiff has attempted to correct his error by filing a brief in opposition to the motion to dismiss, and there is no apparent prejudice to Defendants from the delay. I will therefore grant the Motion to Reopen.

**WHEREFORE**, it is hereby **ORDERED** that:

- Plaintiff's Motion to Reopen (ECF No. 36) is **GRANTED**.

- The Clerk of Court shall mark this case **REOPENED** and Defendant's Motion to Dismiss (ECF No. 32) **PENDING**.

- The Clerk of Court shall amend the caption to substitute Commissioner Blanche Carney for "John Doe Commissioner" and Warden Michelle Farrell for "John Doe Warden."

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**

2